Jakob B. Halpern
jhalpern@saiber.com
**SAIBER LLC**
18 Columbia Turnpike
Florham Park, NJ 07932
Tel.: (973) 622-8394
Fax: (973) 622-3349

Ehab M. Samuel
esamuel@orbitip.com
David A. Randall
dave@orbitip.com
Bruce Chapman
bruce@orbitip.com
**ORBIT IP, LLP**
11400 W. Olympic Blvd., Suite 200
Los Angeles, CA 90064
Tel.: (310) 887-1333
Fax: (310) 887-1334

Attorneys for Plaintiff,
DBEST PRODUCTS, INC.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DBEST PRODUCTS, INC., a California corporation, <br><br> Plaintiff, <br><br> vs. <br><br> Sanders Collection, Inc., a New York corporation, <br><br> Defendant. | Case No.: <br><br><br> **COMPLAINT FOR PATENT INFRINGEMENT** <br><br> **DEMAND FOR JURY TRIAL** |

## NATURE OF THE CASE

1.	dbest products, Inc. ("dbest") brings this action against Sanders Collection, Inc. ("Defendant") for direct infringement under the patent laws of the United States, 35 U.S.C. § 271.

## THE PARTIES

2.	dbest is a California corporation with its principal place of business at 16506 South Avalon Boulevard, Carson, California.

3.	On information and belief, Defendant is a New York corporation with a principal place of business at 10 Hilda Lane, Monsey, New York.

## JURISDICTION AND VENUE

4.	This Court has subject matter jurisdiction over the claims in this complaint under 28 U.S.C. §§ 1331 and 1338(a).

5.	This Court has personal jurisdiction over Defendant because it is a New York corporation with its principal place of business in Monsey, New York and, on information and belief, it does substantial business in this judicial district, including committing the acts of patent infringement described below.

6.	Venue is proper in this Court pursuant to 28 U.S.C. § 1400 because Defendant resides in this district.

## FACTUAL BACKGROUND

7.	 dbest is a leading innovator and seller of portable carts in the United States. dbest has developed, marketed and sold exclusively a highly successful product line of premium portable carts frequently featured on QVC, Inc.'s television infomercials and website. dbest also sells its carts on retail website platforms such

2

as Amazon, through national retailers such as Lowe's and Home Depot, and on its own website.

8.      dbest owns all rights, title, and interest in and to U.S. Patent No. 12,275,446 ("the '446 Patent"), issued April 15, 2025, entitled "High Load Capacity Collapsible Carts." A true and correct copy of the '446 Patent is attached as Exhibit A.

9.      dbest owns all rights, title, and interest in and to U.S. Patent No. 12,304,546 ("the '546 Patent"), issued May 20, 2025, entitled "Collapsible Carts." A true and correct copy of the '546 Patent is attached as Exhibit B.

10.     It is dbest's policy and practice to mark its carts protected by one or more of its patents with the patent number(s) to provide notice to the public that the product is protected by a U.S. patent. Since the '446 Patent issued, dbest has complied with its marking policy to give notice to the public that specific dbest products are protected by the '446 Patent. Similarly, since the '546 Patent issued, dbest has complied with its marking policy to give notice to the public that specific dbest products are protected by the '546 Patent.

11.     On information and belief, Defendant sells products on Amazon.com ("Amazon") to consumers living in the United States and in this judicial district.

12.     dbest regularly monitors retail platforms, including Amazon, to identify offers for sale and sales of products that infringe its patents and other intellectual property rights.

13.     Recently, dbest identified numerous products (the "Accused Products") sold by Defendant on Amazon that infringe its '446 Patent and the '546

Patent. A schedule of the Amazon Standard Identification Number ("ASIN") for each Accused Product of which dbest is currently aware is attached as Exhibit C.

## COUNT I

### (Patent Infringement of the '446 Patent – 35 U.S.C. § 271)

14. The foregoing paragraphs are incorporated by reference as if fully set forth in this paragraph.

15. Defendant has been and continues to directly infringe the '446 Patent by offering for sale, selling, and/or otherwise distributing the Accused Products in violation of 35 U.S.C. § 271. A representative claim chart demonstrating how the Accused Product satisfies each limitation of at least one claim of the '446 Patent is attached as Exhibit D.

16. Defendant's infringement has injured and continues to injure dbest, which is entitled to recover damages adequate to compensate it for Defendant's infringement.

17. dbest will continue to suffer irreparable injury unless and until Defendant is enjoined by this Court.

18. dbest is entitled to injunctive and compensatory relief, including attorneys' fees and costs.

## COUNT II

### (Patent Infringement of the '546 Patent – 35 U.S.C. § 271)

19. The foregoing paragraphs are incorporated by reference as if fully set forth in this paragraph.

20. Defendant has been and continues to directly infringe the '546 Patent by offering for sale, selling, and/or otherwise distributing the Accused Products in violation of 35 U.S.C. § 271. A representative claim chart demonstrating how the Accused Product satisfies each limitation of at least one claim of the '546 Patent is attached as Exhibit E.

21. Defendant's infringement has injured and continues to injure dbest, which is entitled to recover damages adequate to compensate it for Defendant's infringement.

22. dbest will continue to suffer irreparable injury unless and until Defendant is enjoined by this Court.

23. dbest is entitled to injunctive and compensatory relief, including attorneys' fees and costs.

## **PRAYER FOR RELIEF**

WHEREFORE, dbest asks the Court to enter judgment in its favor and against Defendant and grant the following relief:

A. A determination that Defendant has infringed the '446 Patent and the '546 Patent;

B. An injunction permanently enjoining Defendant, and its officers, agents, employees, and all others in active concert or participation with it, or any of them, from doing any acts that infringe the '446 Patent and/or the '546 Patent;

C. An award of damages in an amount adequate to compensate dbest for Defendant's infringement of the '446 Patent and the '546 Patent.

D.	Enter a judgment and order that Defendant and/or Amazon take all steps necessary to deliver to dbest all remaining inventory of all Accused Products in its possession, custody or control;

E.	Enter a judgment and order requiring Defendant to file with the Court and serve on dbest a written report under oath setting forth in detail its compliance with the injunction within thirty days; and

F.	Any further relief that this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, dbest demands a trial by jury.

Dated: May 21, 2025

        Respectfully submitted,
        **SAIBER LLC**

By:   /s Jakob B. Halpern
      Jakob B. Halpern
      18 Columbia Turnpike
      Florham Park, NJ 07932

      Ehab M. Samuel
      David A. Randall
      Bruce Chapman
      **ORBIT IP LLP**
      11400 W. Olympic Blvd., Suite 200
      Los Angeles, CA 90064
      *Attorneys for dbest products, Inc.*